**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**OCTOBER SESSION, 1999**

FILED

February 16, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **No. 03C01-9904-CC-00167** |
| **Appellee,** | ) | |
| | ) | **COCKE COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. BEN W. HOOPER, II, Judge** |
| **EMIT KEITH CODY,** | ) | |
| | ) | **(First Degree Murder)** |
| | ) | |
| **Appellant.** | ) | |

**SEPARATE CONCURRING**

I write separately to acknowledge my participation in this court's previous decision in State v. Donald Ray Smith, No. 02C01-9805-CC-00151 (Tenn. Crim. App. at Jackson, Apr. 29, 1999), perm. to appeal granted, (Tenn. Nov. 8, 1999), which ordered reversal of the conviction and dismissal of the indictment under procedural circumstances similar to those in the case *sub judice*. Notwithstanding, in light of the supreme court's Rule 11 grant in this case and, more importantly, Judge Welles' thorough analysis of this unique procedural issue, I am now persuaded that my prior position requiring dismissal of the indictment in Smith requires revisiting. Indeed, the case law to which this court is bound to follow is clear that double jeopardy would not bar retrial in the present case. See Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285 (1988); State v. Longstreet, 619 S.W.2d 97 (Tenn. 1981). With this explanation, I join in the majority's opinion.

_____
DAVID G. HAYES, Judge